UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VICTOR T. THOMAS,

        Plaintiff,

v.                                       Case No. 23-C-1524

SYED MOHIUDDIN, et al.,

        Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Victor Thomas is representing himself in this 42 U.S.C. §1983 case. The Court screened the complaint on February 21, 2024, and allowed Thomas to proceed on claims against Defendants based on allegations that they failed to adequately address his medical condition. On April 26, 2024, the Court entered a scheduling order setting a discovery deadline of September 26, 2024, and a dispositive motion deadline of October 28, 2024. On May 20, 2024, Thomas filed a motion asking "that this Clerk have this subpoena served upon the Wisconsin Department of Corrections' Fox Lake Correctional Institution by the U.S. Marshals-Civil Service, once the Clerk has signed off on the document." Dkt. No. 36. The Court will deny the motion because courts do not issue subpoenas.

      A party may seek to compel a non-party to provide requested documents by serving that person with a subpoena. Fed. R. Civ. P. 45. A person wishing to issue a subpoena must ask the clerk of court to provide him with a subpoena form; the clerk of court will sign a blank subpoena form and deliver it to the requesting party. Fed. R. Civ. Pro. 45(a)(3). The requesting party must then complete the form and make arrangements to serve the subpoena on the individuals from whom he wants to obtain the documents. Rule 45(a)(2) specifies from which court a subpoena

should issue, "but it does not compel the appropriate court to issue the subpoena." *Johnston v. Devries*, No. 21-2679, 2022 WL 476088, at *2 (7th Cir. 2022).

The party requesting a subpoena (here, Thomas) is responsible for paying the costs associated with serving the subpoena even if the court has found that the party is indigent. *See, e.g., Armstead v. MacMillian*, 58 F. App'x 210, 213 (7th Cir. 2003) ("District courts do not have statutory authority to waive witness fees for indigent civil litigants . . . ."); *Nail v. Gutierrez*, No. 06-cv-292 , 2007 WL 425535 at *1 (N.D. Ind. Nov. 30, 2007) (". . . 28 U.S.C. §1915 does not authorize the expenditure of public funds for deposition costs; indeed, that statute does not relieve a *pro se* prisoner proceeding *in forma pauperis* from paying any of his discovery costs") (citations omitted). Courts do not subsidize parties' litigation costs, nor do they place the financial burden of a party's discovery on non-party individuals or the opposing party.

Given the associated costs, incarcerated plaintiffs rarely rely on subpoenas to collect the information they need to prosecute their cases. Instead, they rely on the discovery process by serving interrogatories, requests for admission, and requests for production. *See* Fed. R. Civ. P. 33, 34, 36. Indeed, it appears that Thomas can obtain the information he seeks from Defendants through discovery since any "documents and electronically stored information relating/pertaining to [their] contractual partnership" with the Department of Corrections "for the rendering of emergency medical care services" would likely be in their possession.

**IT IS THEREFORE ORDERED** that Thomas's motion that the Clerk serve his subpoena upon the Wisconsin Department of Corrections (Dkt. No. 36) is **DENIED**.

Dated at Milwaukee, Wisconsin on May 30, 2024.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge